**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FRANCISCO JAVIER IBANEZ-DIAZ,

    Petitioner,

v.                                                      No. CV 11-0719 JH/WPL

ERIC HOLDER, UNITED STATES
ATTORNEY GENERAL, ET AL.,

    Respondents.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 2254 R. 1(b), 4, on Petitioner's Motion For Adjustment Of Sentence Pursuant To A Habeas Petition 28 U.S.C. § 2241 and his motion for leave to proceed in forma pauperis. Petitioner, who is not an American citizen, is confined in a New Mexico prison, serving a sentence imposed by the United States District Court for the District of Utah. He alleges that his sentence was imposed without consideration of his status as a deportable alien. Furthermore, because of his status, the Bureau of Prisons ("BOP") considers him ineligible for certain pre-release custody programs. Petitioner contends that the sentence and BOP's policy have subjected him to a longer prison term than an American citizen would serve. He seeks reduction of his term of imprisonment and, if the petition be granted, certain other relief.

    It is assumed for purposes of this order that the relief Petitioner seeks, if available, may be pursued in a petition under § 2241. *Cf.* 18 U.S.C. § 3582(c) (prohibiting modification of sentence except under specific statutory authorization); *United States v. Soto-Holguin*, 163 F.3d 1217, 1220 (10th Cir. 1999); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("We have explained that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has *expressly* granted

the court jurisdiction to do so.' ") (quoting *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005)).  Here, even if § 2241 provides Petitioner an appropriate procedural avenue, the Court of Appeals for the Tenth Circuit has rejected his substantive claims against both the imposition and the execution of his sentence.

> [Petitioner's] request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed.
> . . . .
> . . . "[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." . . . We agree . . . [that] there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement.

*United States v. Tamayo*, 162 F. App'x 813, 815, 816 (10th Cir. 2006) (internal citations omitted). Under the Tenth Circuit's decision in *Tamayo*, Petitioner's allegations do not state claims for relief against his sentence, and under 28 U.S.C. § 2254 R. 1(b), 4, the Court will dismiss the petition.

IT IS THEREFORE ORDERED that Petitioner's motion for leave to proceed in forma pauperis (Doc. 4) is GRANTED, and Petitioner may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that, to the extent Petitioner presents claims cognizable under 28 U.S.C. § 2255, these claims are DISMISSED without prejudice to his right to pursue remedies in the district of his conviction; otherwise Petitioner's Motion For Adjustment Of Sentence Pursuant To A Habeas Petition 28 U.S.C. § 2241 is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE